IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY,** | |
| Plaintiff, | **8:13CV138** |
| vs. | **ORDER** |
| **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.** and **MATSUSHITA ELECTRIC ELECTRICAL CO. LTD.,** | |
| Defendants. | |

    This matter is before the court on the defendant's, Matsushita Electric Industrial Company, Co. Ltd., improperly identified as Matsushita Electric Electrical Co. Ltd. in plaintiff's Amended Complaint, and now known as Panasonic Corporation (Matsushita),[1] Motion to Compel Responses to Discovery (Filing No. 57). Matsushita filed a brief (Filing No. 58) and index of evidence (Filing No. 59) in support of the motion. The defendant, Toshiba America Information Systems, Inc. (TAIS), filed a brief (Filing No. 60) and index of evidence (Filing No. 61) in opposition. TAIS also emailed a four-page document to the undersigned magistrate judge for *in camera* review.[2] Matsushita did not file a brief in reply.

## BACKGROUND

    This lawsuit emanates from a September 3, 2008, fire involving a laptop owned by the plaintiff's, State Farm Fire & Casualty Company (State Farm), insured. **See** Filing No. 34 - Amended Complaint. State Farm alleges the laptop incorporated a battery designed and manufactured by Matsushita. *Id.* ¶ 5. According to State Farm's supplemental response to Matsushita's discovery, State Farm indicated TAIS has documents and information concerning the laptop's battery's origination. **See** Filing No. 59-4 Ex. C - State Farm's Supp. Resp. In response to Matsushita's interrogatory

---

[1] Panasonic Corporation of North America entered its appearance and answered on behalf of Matsushita as the proper party defendant. **See** Filing No. 40 - Answer.
[2] The four-page document provided for *in camera* review will be filed separately under seal.

regarding the battery's origination, TAIS answered: "Upon information and belief, the battery installed in the laptop at issue was manufactured by Matsushita. TAIS does not possess any specific information concerning the components of the laptop, including make, model or specifications of the battery." **See** Filing No. 59-2 Ex. A - TAIS' Interrog. Ans. Similarly, TAIS responded it does not possess documents identifying the battery's manufacturer. **See** Filing No. 59-3 Ex. B - TAIS' Resp. In light of the foregoing, Matsushita and State Farm agreed to voluntarily dismiss Matsushita from the case. **See** Filing No. 59-5 Ex. D - Emails; Filing No. 59-6 Ex. E - Partially Executed Stipulation for Dismissal. However, the parties did not execute the stipulation because TAIS refused to sign the stipulation.

Thereafter, TAIS advised the parties, by email, the battery installed in the laptop, Serial No. 78228141W, was manufactured by Matsushita Electronics Corporation/WUXI Matsushita Battery Co. Ltd., and specifically the serial number for the battery installed in the laptop was 862100026APN. **See** Filing No. 59-7 Ex. F - TAIS' Email. Eventually, TAIS provided a supplemental answer to Matsushita stating the same. **See** Filing No. 59-8 Ex. G - TAIS' Supp. Ans. Additionally, TAIS answered "based upon information supplied from the records maintained by Quanta," the company responsible for assembling and installing the battery in the laptop,

> Unknown persons at Quanta and Toshiba Corporation, a Japanese corporation, may have information relating to this Interrogatory. TAIS does not possess specific information concerning the components of the Laptop, including specifications of the battery. Upon information and belief, based on information supplied from business records maintained by Quanta, the part number for the battery component that was installed by Quanta is 302052243.

*Id.* Matsushita filed the instant motion seeking the documents TAIS relies upon, which were supplied by Quanta, to show the battery is a Matsushita product. **See** Filing No. 57 - Motion, Filing No. 58 - Brief. In response, TAIS argues it does not possess or control any responsive documents, or entities that would have any responsive documents, with the exception of the Quanta documents. **See** Filing No. 60 - Response. TAIS explains the Quanta documents are four pages of computer screen images taken from Quanta's accounting system, tracing the battery serial number and

2

manufacturer. *Id.* TAIS states Quanta provided the documents to TAIS with the understanding TAIS would not disclose the documents because Quanta deems the documents confidential. *Id.* TAIS argues disclosure of the Quanta documents is unnecessary because the only relevant information contained therein relates to identification of the serial number and manufacturer, which has already been disclosed to Matsushita. *Id.* However, if the court orders TAIS to produce the Quanta documents, TAIS requests an opportunity to redact sensitive, confidential information relating to other Quanta suppliers. *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." **Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying. Fed. R. Civ. P. 34(a). The rule applies to such documents that are "in the responding party's possession, custody, or

control." *Id.* "[C]ontrol is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another." *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 981, 982 (D. Minn. 2008) (internal citation omitted). A party does not need to have legal ownership or actual possession of documents, "rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* "In the face of a denial by a party that it has possession, custody or control of documents, the [requesting] party must make an adequate showing to overcome this assertion." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (internal citations omitted).

After review of the parties' discovery responses and the Quanta documents provided for *in camera* review, the court finds the Quanta documents, which TAIS relied upon to answer Matsushita's discovery requests, are relevant and shall be disclosed to Matsushita. TAIS will have an opportunity to redact any confidential business information from the Quanta documents before disclosure. To the extent Matsushita seeks additional documentation of the battery's origination, Matsushita has offered no evidence to show TAIS has possession, custody, or control, or the legal right to obtain additional documentation, assuming such documentation exists. TAIS cannot be ordered to produce what it does not have and cannot reasonably obtain. Accordingly,

**IT IS ORDERED**:

1. Matsushita's Motion to Compel Responses to Discovery (Filing No. 57) is granted to the extent TAIS shall provide a redacted version of the Quanta documents and denied in all other respects.

2. TAIS shall submit a redacted version of the Quanta documents to the undersigned magistrate judge **on or before August 18, 2015**. Following the court's review, the court will order TAIS to provide Matsushita the Quanta documents.

Dated this 11th day of August, 2015.

> BY THE COURT:
>
> s/ Thomas D. Thalken
> United States Magistrate Judge